JOHN C. WELLS, Appellant, *v.* ALVIS C. McCLENNING, Appellee.

APPEAL FROM GREENE.

A party who pleads *non detinet* only, to an action of replevin, cannot call the fact of ownership in question.   He is thereby estopped from claiming the property as his own.

DECLARATION by plaintiff in error alleges that, on the 27th day of August, 1858, the defendant was unlawfully possessed of a certain sorrel mare, the property of plaintiff, to be delivered to plaintiff by defendant on request, but that the defendant, though requested, refused to deliver said mare to plaintiff, and so the defendant wrongfully detains the same.

To this declaration, defendant interposed the following plea of estoppel, to wit:

" And the said defendant, by his attorney, comes and defends the wrong and injury, etc., and well avows the detention of the said mare in the plaintiff's declaration mentioned, and justly, etc., because he says that, at the August special term of the Greene Circuit Court, State of Illinois, on a certain action of replevin, then and there pending, wherein the said Alvis C. McClenning was plaintiff, and the said John C. Wells was defendant, which said action of replevin was brought to recover the possession of the said mare in the plaintiff's declaration mentioned, and in which said action a declaration was then and there filed, claiming the said mare to be the property of the said Alvis C. McClenning, and that the said mare was unjustly and unlawfully detained by the said John C. Wells from the said Alvis C. McClenning, and to which said declaration the said John C. Wells filed a plea, denying the wrongful detention of the said mare from the custody of the said Alvis C. McClenning, (and no other plea was then and there filed by John C. Wells,)

upon which said declaration, plea and replication, a trial was had, and a jury was then and there called to try the issue aforesaid, and the said jury then and there rendered a verdict for the plaintiff, which said verdict has been in no way set aside, but was in full force from the date of the rendition thereof to the present time, whereby the said defendant was and is estopped from asserting any title to the said mare, and that since the said August special term of the Greene county Circuit Court, the said Alvis C. McClenning has in no way sold or disposed of said property to the said John C. Wells, nor to any person through or by whom he claims title to said mare, and this the said defendant is ready to verify; wherefore, etc.

To this plea the plaintiff interposed a general demurrer, which was overruled by the court; and the plaintiff abiding by his demurrer, the court rendered judgment in favor of the defendant; that he recover the property replevied, and one cent damages for the detention thereof, and his costs, and that a writ of *retorno habendo* be granted, ordering a return of the property replevied; whereupon an appeal was prayed and granted.

Errors assigned: Court erred in overruling said demurrer, and in rendering said judgment in favor of defendant.

KNAPP & CASE, for Appellant.

D. A. SMITH, for Appellee.

BREESE, J. We are well satisfied on reason and authority, that the judgment and recovery in the first action of replevin is an estoppel in this action. The plaintiff, in that action, alleged property in himself, and an unlawful detention by the defendant. By pleading *non detinet* only, he admitted, on the record, the property was in the plaintiff, and he can never again, in any court, call in question that fact. It was a material averment, and if the property was not his, but the defendant's, he should have made then and there the issue. It is now too late.

The demurrer was properly overruled, and the judgment is affirmed.

*Judgment affirmed.*